IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEITH A. BELL and BRITTANY N. BELL, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Civil Action No. 3:20-cv-46 |
| ) | Judge Stephanie L. Haines |
| JOSHUA DEHORTA, PAVEL ) | |
| POZDNEACOV, and HAWK HAULING, ) | |
| INC. ) | |
| ) | |
| Defendants. ) | |

## OPINION

Plaintiffs Keith A. Bell and Brittany N. Bell ("Plaintiffs") initiated this matter by filing a Complaint (ECF No. 1) against Defendants Joshua Dehorta, Pavel Pozdneacov, and Hawk Hauling, Inc. based on the injuries sustained by Plaintiff Keith Bell in an April 4, 2018 trucking accident. Plaintiffs claim the accident was caused by the actions of Defendant Dehorta and Defendant Pozdneacov, who at the time of the accident, was operating a truck on behalf of his employer, Defendant Hawk Hauling, Inc. Defendant Dehorta filed his Answer to the Complaint on August 3, 2021 (ECF No. 11).[1] However, on August 5, 2021, Plaintiffs filed a Motion for Default Judgment against Defendants Hawk Hauling, Inc. and Pozdneacov (ECF No. 13). Pursuant to that motion, the Clerk then entered default against Defendants Hawk Hauling, Inc. and Pozdneacov (ECF No. 14). On December 8, 2021, the Court conducted a damages hearing by Zoom video conference pursuant to the default judgment (ECF No. 21). Following that hearing,

---

[1] The Court has been advised Plaintiffs settled their claim against Defendant Dehorta (ECF No. 18).

1

on April 7, 2022, the Court entered default judgment in the amount of $500,000 against Defendants Hawk Hauling, Inc. and Pozdneacov (ECF Nos. 24 and 25).

On September 23, 2022, Defendants Hawk Hauling, Inc. and Pozdneacov filed a Motion to Strike and/or Set Aside the April 7, 2022 Default Judgment Pursuant to Fed. R. Civ. P. 60(b) (ECF No. 27) and Memorandum of Law in Support of Their Motion to Strike and/or Set Aside the April 7, 2022 Default Judgment (ECF No. 28). In their motion, Defendants Hawk Hauling, Inc. and Pozdneacov argued the default judgment is void and should be vacated as Plaintiffs failed to properly serve those Defendants with the Complaint. On October 19, 2022, Plaintiffs filed their Response (ECF No. 31), wherein they contended Defendants Hawk Hauling, Inc. and Pozdneacov were properly served with the Complaint by certified mail. The moving Defendants filed a Reply (ECF No. 33) on November 14, 2022, and the Court conducted oral argument in this matter on November 15, 2022 (ECF No. 35). At the oral argument, the Court found Plaintiffs failed to properly serve the Complaint on the moving Defendants and granted the Motion to Strike and/or Set Aside the April 7, 2022 Default Judgment Pursuant to Fed. R. Civ. P. 60(b)(ECF No. 27). This Opinion setting forth the reasons for the grant of that Motion now follows.

I.     **Factual Background**

The parties do not dispute that Plaintiffs mailed both Defendant Hawk Hauling, Inc. and Defendant Pozdneacov a copy of the Summons, Complaint and Waiver of Service of Summons (hereafter, "waiver packets") pursuant to F.R.C.P. 4(d) by certified mail directly to Defendant Hawk Hauling, Inc.'s business address and to Defendant Pozdneacov's home address on or about March 12, 2020. Plaintiffs also enclosed correspondence with the waiver packets, wherein their counsel advised these Defendants that "in the event the Waiver is not returned within the allotted thirty (30) days, we will have no recourse but to have a Federal Marshal serve the summons and

2

complaint on you personally" (ECF No. 13-2, pp. 1, 15).  The March 12, 2020 enclosure letter further specifies that: "this is not a formal summons or notification from the Court, but rather my request that you sign and return the enclosed waiver of service in order to save the cost of serving you with a judicial summons and an additional copy of the Complaint." *Id.*

The Proofs of Service filed by Plaintiffs (ECF Nos. 4 and 7) evidence that Defendant Pozdneacov executed the certified mail return receipt for the waiver packet sent to him and that a waiver packet was delivered by the United States Postal Service ("USPS") to the business address of Defendant Hawk Hauling, Inc.[2]  At the November 15, 2022 oral argument, Plaintiffs' counsel confirmed that the mailing of the waiver packet by certified mail was the only attempt at service of the Complaint to these Defendants.  Defendants Hawk Hauling, Inc. and Pozdneacov contended this was ineffective service of the Complaint, while Plaintiffs' argued this constituted proper service under Fed. R. Civ. P. 4(e) and 4(h) and Pennsylvania state law.

**II.     Legal Standard**

Rule 55(c) of the Federal Rules of Civil Procedure provides that "[t]he court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)." *See* Fed. R. Civ. P. 55(c).  Under Rule 60(b)(4), a court may set aside a default judgment that is void.  "[A] default judgment entered when there has been no proper service of [the] complaint is, *a fortiori*, void, and should be set aside." *United States v. One Toshiba Color Television*, 213 F.3d 147, 156 (3d Cir. 2000) (quoting *Gold Kist, Inc. v. Laurinburg Oil Co., Inc.*, 756 F.2d 14, 19 (3d Cir. 1985)).  Proper service, of course, is necessary to establish personal jurisdiction over a party.  *See Lampe v. Xouth, Inc.*, 952 F.2d 697, 700-01 (3d Cir. 1991).  The

---

[2] Specifically, the USPS tracking document states that the materials were "delivered, left with an individual." Despite this delivery, Defendant Hawk Hauling, Inc. disputes it ever received the waiver packet.

3

court need not perform any balancing test in assessing a Rule 60(b)(4) motion. *See Arpaio v. Dupre*, 527 F. App'x 108, 111 (3d Cir. 2013) (citing *Budget Blinds, Inc. v. White*, 536 F.3d 244, 258 (3d Cir. 2008). If the district court lacks personal jurisdiction over a defendant because of invalid service, the judgment is per se void. *Id.* When sufficiency of service of process is challenged, the party asserting the validity of service bears the burden of proving by a preponderance of the evidence that service was effective. *See Grand Entertainment Group v. Star Media Sales*, 988 F.2d 476, 488 (3d Cir. 1993); *State Farm Mut. Auto. Ins. Co. v. Tz'doko V'Chesed of Klausenberg*, 543 F. Supp. 2d 424, 428 (E.D. Pa. 2008).

### III. Analysis

In response to the moving Defendants' challenge as to service of the Complaint, Plaintiffs contended mailing the waiver packets, which contained a copy of the Complaint, effectuated service of the Complaint on both Defendants Hawk Hauling, Inc. and Defendant Pozdneacov.[3] Specifically, Plaintiffs argued service is proper as Fed. R. Civ. P. 4(e)(1) permits a plaintiff to effect service in accordance with the law of "the state where the district court is located or where service is made," and Fed. R. Civ. P. 4(h)(1)(A) permits service on a corporation "in the manner prescribed by Rule 4(e)(1)." Plaintiffs asserted these Defendants were properly served with the Complaint as Pennsylvania law permits an out-of-state defendant to be served by certified mail and that such service was made as evidenced by Defendant Pozdneacov's signed certified mail return receipt and the USPS receipt showing delivery to Defendant Hawk Hauling, Inc.'s registered business address.

---

[3] The moving Defendants raised a number of other arguments based on the sufficiency of service, however, as this challenge is dispositive of both the service issue and their request to vacate the default judgment, the Court will not address the other arguments.

However, Plaintiffs mailed the waiver packet pursuant to Rule 4(d)(1). Rule 4(d)(1) permits a plaintiff to request that a defendant waive service by mailing a written notice of lawsuit and request to waive service of summons, together with the complaint, two copies of a waiver form, and a prepaid means for returning the form, to the plaintiff. *Ye v. Wealthlink Capital Grp. Llc*, No. 12-1378, 2013 U.S. Dist. LEXIS 205564, at *1 n.1 (E.D. Pa. Feb. 27, 2013). If the defendant agrees to waive service, service is deemed to have been effected on the date the waiver is filed. *Id.* citing Fed. R. Civ. P. 4(d)(4). If, however, the defendant declines to sign and return the waiver, the plaintiff must proceed to serve the defendant by alternative means, and the defendant is then responsible for the expenses incurred in making such service, absent a showing of good cause for the failure to waive service. *Id.* citing Fed. R. Civ. P. 4(d)(2).

In response to Plaintiffs' argument, Defendants contended that service of the waiver packet alone is not proper service, and accordingly, the default judgment entered against them is void. The Court agrees. Indeed, the Third Circuit has squarely rejected Plaintiffs' argument as to service. *See Fife v. Bailey*, No. 3:14-1716, 2016 U.S. Dist. LEXIS 60830, at *6-7 (M.D. Pa. May 9, 2016) ("Under Third Circuit precedent, once a plaintiff has attempted to enact a federal waiver of service, the plaintiff 'unequivocally' identifies his or her intent to serve process under the federal, and not the state-law, service provision."). In *Umbenhauer v. Woog*, 969 F.2d 25 (3d Cir. 1992), plaintiffs mailed the foreign defendants the waiver of service form, summons, and complaint with a return receipt, which indicated that the defendants received the documents. The defendants did not return the waiver of service. The Third Circuit found that by enclosing waiver of service forms, plaintiffs could not "retroactively characterize their service attempt as having been made pursuant to state law." *Id.* at 30. Rather, when a defendant "do[es] nothing" in response to a request for service, "the plaintiff must resort to personal service." *Id.* at 29. *See also, Gonzalez v. Thomas*

5

*Built Buses, Inc.*, 268 F.R.D. 521 (M.D. Pa. 2010) (finding that, under *Umbenhauer*, attaching the waiver form to the complaint and summons "effectively voided" the plaintiffs' purported service under state law and defendants were not properly served).

Here, there is no dispute that Plaintiffs enclosed waiver of service forms with the copies of the Complaint and Summons sent to Defendants Hawk Hauling, Inc. and Pozdneacov. Moreover, Plaintiffs' enclosure letter in the waiver packet clearly states they are requesting Defendants to waive service of the Complaint, and that if the waiver was not returned, they would then have a Federal Marshal serve the Summons and Complaint on Defendants personally. The letter also states that the waiver packet documents are not a formal summons or notification from Court, but rather a request to waive service. Plaintiffs made no other attempt at service of the Complaint. As Plaintiffs failed to properly serve the moving Defendants, the Court has vacated the default judgments entered against Defendants. *See Stranahan Gear Co. v. NL Indus., Inc.*, 800 F.2d 53, 56-57 (3d Cir. 1986) (holding a default judgment was properly stricken, notwithstanding that defendant received the complaint and summons, where plaintiff sought defendant's waiver of service but made no further service attempt after defendant failed to respond).

## IV.   Conclusion

Based on Plaintiffs' failure to properly serve the Complaint (ECF No. 1) on Defendants Hawk Hauling, Inc. and Pozdneacov, the Court has granted Defendants' Motion to Strike and/or Set Aside the April 7, 2022 Default Judgment Pursuant to Fed. R. Civ. P. 60(b)(ECF No. 27). As provided in the Court's November 16, 2022 Order (ECF No. 36), Defendants Hawk Hauling, Inc. and Pozdneacov shall have 20 days to file a response to the Complaint.

Dated: November 17, 2022

Stephanie L. Haines
United States District Judge