IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEITH A. BELL and BRITTANY N. BELL, | ) |
| Plaintiffs, | ) |
| vs. | ) Civil Action No. 3:20-cv-46 |
| | ) Judge Stephanie L. Haines |
| JOSHUA DEHORTA, PAVEL POZDNEACOV, and HAWK HAULING, INC. | ) |
| Defendants. | ) |

## OPINION

Pending before the Court is a Motion to Dismiss Complaint Pursuant to Fed. R. Civ. P. 12(b)(5) (ECF No. 38) filed by Defendants Hawk Hauling, Inc. and Pavel Pozdneacov. In their motion, Defendants Hawk Hauling, Inc. and Pozdneacov move to dismiss Plaintiffs' claims against them under Rule 12(b)(5) by arguing that they were not served with the Complaint within 90 days pursuant to Rule 4(m), and Plaintiffs did not make good faith and reasonable efforts in their attempt to serve them. On December 27, 2022, Plaintiffs filed a Response (ECF No. 41) and Brief in Opposition (ECF No. 42). On January 3, 2023, the moving Defendants filed their Reply (ECF No. 43). The matter is now ripe for disposition.

For the foregoing reasons, the Court will GRANT the Motion to Dismiss Complaint Pursuant to Fed. R. Civ. P. 12(b)(5) (ECF No. 38).

I.    **Factual and Procedural Background**

Plaintiffs Keith A. Bell and Brittany N. Bell ("Plaintiffs") initiated this matter on March 10, 2020 by filing a Complaint (ECF No. 1) against Defendants Joshua Dehorta, Pavel Pozdneacov, and Hawk Hauling, Inc. based on the injuries sustained by Plaintiff Keith Bell in an

April 4, 2018 motor vehicle accident. Plaintiffs allege the accident was caused by the actions of Defendant Dehorta and Defendant Pozdneacov, who at the time of the accident, was operating a truck on behalf of his employer, Defendant Hawk Hauling, Inc.

According to the Complaint, the accident occurred when Defendant Dehorta crossed into the opposite lane of traffic in a "no passing zone" in an attempt to pass the truck being operated by Plaintiff Keith Bell (ECF No. 1 at ¶¶17-18). Defendant Dehorta was then unable to return his vehicle to the correct lane of traffic and struck the oncoming truck that was operated by Defendant Pozdneacov. *Id*. at ¶¶18-19. The impact with Defendant Pozdneacov's truck caused Defendant Dehorta's vehicle to careen back in front of Plaintiff Keith Bell's truck, and Defendant Pozdneacov's truck then collided with Plaintiff Keith Bell's truck. *Id*. at ¶¶19-20.

Plaintiffs' allegations against Defendant Dehorta are based on his negligence in improperly attempting to pass Plaintiff Keith Bell's truck in a "no passing zone" which led to the accident. *Id*. at ¶¶24-26. Plaintiffs' allegations against Defendant Pozdneacov are based on his alleged failure to control his truck after it as struck by Defendant Dehorta's vehicle. The allegations against Defendant Hawk Hauling, Inc. are based on its alleged negligence in hiring, training, and supervising its employee, Defendant Pozdneacov. *Id*. at ¶¶24-26. Plaintiff Brittany Bell alleges a claim for loss of consortium, resulting from the injuries to her husband, Plaintiff Keith Bell.

On August 3, 2021 Defendant Dehorta filed his Answer to the Complaint (ECF No. 11).[1] On August 5, 2021, Plaintiffs filed a Motion for Default Judgment against Defendants Hawk Hauling, Inc. and Pozdneacov (ECF No. 13), and following a damages hearing (ECF No. 21), the Court entered default judgment in the amount of $500,000 against Defendants Hawk Hauling, Inc. and Pozdneacov (ECF Nos. 24 and 25) on April 7, 2022.

---

[1] Plaintiffs have settled their claim against Defendant Dehorta (ECF No. 18).

On September 23, 2022, Defendants Hawk Hauling, Inc. and Pozdneacov filed a Motion to Strike and/or Set Aside the April 7, 2022 Default Judgment Pursuant to Fed. R. Civ. P. 60(b) (ECF No. 27) and Memorandum of Law in Support of Their Motion to Strike and/or Set Aside the April 7, 2022 Default Judgment (ECF No. 28). Plaintiffs opposed the motion (ECF No. 31), but following oral argument (ECF No. 35), the Court found Plaintiffs failed to properly serve the Complaint on the moving Defendants and granted the Motion to Strike and/or Set Aside the April 7, 2022 Default Judgment Pursuant to Fed. R. Civ. P. 60(b) (ECF Nos. 36 and 37).

As the Court previously performed a detailed analysis of Plaintiffs' ineffective service attempt to Defendants Hawk Hauling, Inc. and Pozdneacov in its Opinion (ECF No. 37) and Order (ECF No. 36) which vacated the default judgment (ECF No. 27), it will not repeat such analysis here. In short, the parties do not dispute that Plaintiffs mailed both Defendant Hawk Hauling, Inc. and Defendant Pozdneacov a copy of the Summons, Complaint and Waiver of Service of Summons (hereafter, "waiver packets") by certified mail directly to Defendant Hawk Hauling, Inc.'s business address and to Defendant Pozdneacov's home address on or about March 12, 2020, pursuant to Rule 4(d)'s waiver procedure. Plaintiffs enclosed correspondence with the waiver packets which stated that the enclosures were not formal service, and if the waiver was not returned, the Federal Marshal would then perform service (ECF No. 13-2, pp. 1, 15). The Proofs of Service filed by Plaintiffs (ECF Nos. 4 and 7) evidence that Defendant Pozdneacov executed the certified mail return receipt and that delivery was made by the United States Postal Service ("USPS") to Defendant Hawk Hauling, Inc.'s business address. The moving Defendants have provided sworn declarations (ECF Nos. 27-3 and 27-4) that dispute they ever received such service.

As previously stated, the Court has already ruled Plaintiffs failed to properly serve the Complaint to Defendants Hawk Hauling, Inc. and Pozdneacov. Because Plaintiffs failed to make service within the 90-day time period provided for under Rule 4(m), the moving Defendants now request that the Court dismiss Plaintiffs' claims against them under Rule 12(b)(5).

## II.   Standard of Review

Under Rule 12(b)(5) of the Federal Rules of Civil Procedure, a defendant may move to dismiss when a plaintiff fails to effectuate proper service. Fed. R. Civ. P. 12(b)(5). "In resolving a motion under Rule 12(b)(5), the party making service has the burden of demonstrating its validity when an objection to service is made." *Martin v. OSHA*, 2017 U.S. Dist. LEXIS 54916, at *2 (E.D. Pa. Apr. 11, 2017). Here, because Plaintiffs did not properly serve the moving Defendants within the 90-day limit in Rule 4(m), the Court must now determine whether there exists good cause to extend the time for Plaintiffs to effectuate service, *see* Fed. R. Civ. P. 4(m) ("But if the plaintiff shows good cause for the failure [to properly serve the defendant within 90 days], the court must extend the time for service for an appropriate period."), or if there is not good cause, whether the Court should grant an extension for service in its sound exercise of discretion. *See Gold Line, Inc. v. OurBus, Inc.*, No. 3:20-CV-02015, 2022 U.S. Dist. LEXIS 198037, at *12 (M.D. Pa. Oct. 31, 2022).

The Third Circuit has developed a two-pronged inquiry to determine whether the grant of an extension of time in which to serve is proper under Rule 4(m). First, the district court must determine whether good cause exists for the failure to have effected service in a timely manner. Typically, courts consider three factors to determine whether good cause exists: "(1) the reasonableness of plaintiff's efforts to serve; (2) whether the defendant is prejudiced by the lack of timely service; and (3) whether the plaintiff moved for an enlargement of time to serve." *Bailey*

4

*v. Harleysville Nat. Bank & Trust Co.*, 2005 U.S. Dist. LEXIS 1025, at *1 (E.D. Pa. Jan. 26, 2005) (quoting *Steele v. HCI Direct*, No. CIV.A. 02-4347, 2004 U.S. Dist. LEXIS 14595, at *1 (E.D. Pa. July 29, 2004)).  The Third Circuit has "equated 'good cause' with a concept of 'excusable neglect' of Federal Rule of Civil Procedure 6(b)(2), which requires a 'demonstration of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified in the rules.'" *See MCI Telecomms. Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1097 (3d Cir. 1995) (quoting *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1312 (3d Cir. 1995)).  If good cause exists, the extension for service must be granted.

If good cause has not been shown, however, the court still may grant the extension in the sound exercise of its discretion.  *See MCI Telecomms. Corp.*, 71 F.3d at 1098 (3d Cir. 1995); *Chiang v. U.S. Small Bus. Admin.*, 331 F. App'x 113, 115 (3d Cir. 2009).  The Third Circuit has stated the following factors may be relevant when deciding whether to grant a discretionary extension for service:

> A district court may consider actual notice of the legal action; prejudice to the defendant; the statute of limitations on the underlying causes of action; the conduct of the defendant; and whether the plaintiff is represented by counsel, in addition to any other factor that may be relevant when deciding whether to grant an extension or dismiss the complaint.

*Chiang*, 331 F. App'x at 116 (3d Cir. 2009) (citing Fed. R. Civ. P. 4(m) Notes of Advisory Committee on 1993 amendments; *Boley v. Kaymark*, 123 F.3d 756, 759 (3d Cir. 1997)).  The plaintiff bears the burden of demonstrating a sufficient reason as to justify the exercise of the court's discretion.  *Hardina v. Panera Bread Cadle, LLC*, No. 11-cv-1527, 2012 U.S. Dist. LEXIS 64300, at *2 (M.D. Pa. May 8, 2012).

### III. Analysis

As explained below, the Court finds Plaintiffs have not shown good cause for extending the time for service and have failed to state a basis to justify the exercise of the Court's discretion to grant an extension of time for service.

#### 1. Plaintiffs have not shown good cause for their failure to serve Defendants Hawk Hauling, Inc. and Pozdneacov.

Plaintiffs acknowledge the Court previously ruled their attempt at service was insufficient but contend they had a good faith belief that both Defendants Hawk Hauling, Inc. and Pozdneacov were served in a timely and proper manner (ECF No. 41 at ¶40). Plaintiffs' good faith belief is based on Defendant Pozdneacov's signature on the certified mail return receipt for the Complaint, that he acted as the agent for Defendant Hawk Hauling, Inc., and the USPS delivery of the Complaint to Defendant Hawk Hauling, Inc. by certified mail. According to Plaintiffs, they have shown good cause to extend the time for service because they made reasonable and good faith service attempt and the moving Defendants had actual knowledge of the suit as of April 11, 2020, the date Defendant Pozdneacov signed the certified mail return receipt.

Plaintiffs rely on the case *United States v. Nuttall*, 122 F.R.D. 163 (D. Del. 1988) to support their good cause argument. In *Nuttall*, the Delaware District Court found that plaintiff, the IRS, had shown good cause for failure to effect timely service and denied the defendant's 12(b)(5) motion to dismiss. As to its service attempts, plaintiff IRS twice mailed copies of the summons and complaint to defendant. *Id.* at 167. The IRS, through its agents and the U.S. Marshals, then went to defendant's residence on 18 occasions, at various times of day, but was still unable to serve defendant. *Id.* at 165. Deputy United States Marshals also spoke to defendant by telephone on two occasions, which included reading the complaint aloud to defendant. *Id.* Only after these efforts at service, and after receiving a letter from defendant that specifically referred to the lawsuit

6

and referenced the docket number for the case, did the IRS file a return of service and later request default judgment. *Id.* at 167. The *Nuttall* court found the IRS' service efforts, while ultimately insufficient, were not "merely …diligent, but border on heroic" and concluded the "great pains" taken by the IRS to serve defendant constituted as reasonable efforts under the good cause analysis. *Id.* The *Nuttall* court also found that defendant could not assert he was prejudiced by the lack of timely service because of his undisputed actual knowledge of the lawsuit. *Id.*

In their Reply (ECF No. 43), the moving Defendants contend that *Nuttall* is inapposite to Plaintiffs' good cause argument, and this Court agrees. In contrast to the multiple service efforts in *Nuttall* by mail, personal service, and telephone, Plaintiffs made a single attempt at service by certified mail. As to the reasonableness of this attempt, Plaintiffs' counsel clearly stated that the waiver packet documents were not a formal summons or notification from Court, but rather a request to waive service. Plaintiffs' counsel wrote that, if the waiver was not returned, he would then have a Federal Marshal serve the Summons and Complaint on Defendants personally. No waiver was returned, but Plaintiffs made no other attempt at service. Additionally, unlike in *Nuttall*, the moving Defendants credibly dispute that they received actual notice on April 11, 2020 and state they only received actual notice of this lawsuit on June 30, 2022 when Plaintiffs' counsel emailed Defendant Hawk Hauling, Inc. the notice of the default judgment damages award (ECF No. 27-3 at pp. 37-38).

Also, while Plaintiffs may have believed their service of the waiver packets effected service, there is well-established case law on this issue holding such service is insufficient. *See Fife v. Bailey*, No. 3:14-1716, 2016 U.S. Dist. LEXIS 60830, at *6-7 (M.D. Pa. May 9, 2016) ("under Third Circuit precedent, once a plaintiff has attempted to enact a federal waiver of service, the plaintiff unequivocally identifies his or her intent to serve process under the federal, and not the

state-law, service provision.") (internal citation omitted); *Umbenhauer v. Woog*, 969 F.2d 25 (3d Cir. 1992) (by enclosing waiver of service forms, plaintiffs could not "retroactively characterize their service attempt as having been made pursuant to state law," and personal service was required); *Gonzalez v. Thomas Built Buses, Inc.*, 268 F.R.D. 521, 527 (M.D. Pa. 2010) (finding that "plaintiffs only cognizable effort toward effecting service was an attempt to avoid making formal service by mailing the complaint with the waiver of service form.").

Plaintiffs' good faith belief does not constitute good cause in this case as "ignorance of the law does not rise to the level of exhibiting a reasonable basis for [a party's] noncompliance with the service requirements of Rule 4." *Id.*; *see also, Duc Long v. MTD Products Inc.*, 2016 U.S. Dist. LEXIS 192558, 2016 WL 9774503, at *3 (E.D. Pa. Dec. 29, 2016) ("Although Plaintiff's claim they believed service had been proper, a misunderstanding of the law does not provide good cause for its nonadherence."); *Carinci v. 7-Eleven, Inc.*, 2016 U.S. Dist. LEXIS 45935, at *2 (W.D. Pa. April 5, 2016) ("Further, a plaintiffs 'disregard for ... the technical niceties of service of process' does not constitute good cause." (quoting *Ayres v. Jacobs & Crumplar, P.4*, 99 F.3d 565, 568 (3d Cir. 1996)). Accordingly, the Court finds Plaintiffs' attempt to serve the moving Defendants was not reasonable.

Moreover, even if the Court did find Plaintiffs' attempt at service was reasonable, the balance of the other two considerations weigh against finding there was good cause for the delay in service. As to prejudice, the moving Defendants contend they were not aware of this matter until receiving Plaintiffs' June 30, 2022 email, over two years after the filing of the Complaint and after Plaintiffs had already settled their claims with Defendant Dehorta. The moving Defendants state the delay in service has prejudiced them because they have been prevented from gathering critical evidence to support their defense to this lawsuit, which is based on a 2018 accident.

8

*See Gonzalez*, 268 F.R.D. at 527 (M.D. Pa. 2010) ("[a]s with any claim, the more stale a claim becomes, the more likely it is that a defendant may become prejudiced by the lack of timely service.").

Lastly, as to whether Plaintiffs moved for an extension of time to serve the Complaint, Plaintiffs are only now requesting an extension of time to serve the moving Defendants through their Response (ECF No. 41) and Brief (ECF No. 42) opposing the pending Rule 12(b)(5) Motion to Dismiss (ECF No. 38). Accordingly, the Court finds Plaintiffs have not established good cause for their failure to timely serve the moving Defendants.

### 2. Plaintiffs have failed to show the Court should exercise its discretion to grant an extension of time for service.

The Court may still grant an extension of time for Plaintiffs to make proper service through the exercise of its discretion even if it finds there was not good cause for the delay in service. The moving Defendants contend the balance of the discretionary factors weighs against granting an extension. Plaintiffs only asserted a good cause argument and did not expressly address the discretionary factors in their filings. Though Plaintiffs have the burden of proof in seeking a discretionary extension, the Court will nonetheless apply the circumstances of this case to these factors.

First, as to actual notice, Plaintiffs' evidence of the moving Defendants' actual notice of this lawsuit is the certified mail return receipt signed by Defendant Pozdneacov for the waiver packet (ECF No. 4-1). The receipt listed Defendant Pozdneacov's name and home address, showed a signature for Defendant Pozdneacov, is dated April 11, 2020, and was returned to Plaintiffs' counsel. Plaintiffs argue both the moving Defendants had notice of the lawsuit since April 11, 2020 as Defendant Pozdneacov was employed by Defendant Hawk Hauling, Inc, and therefore, acted as Defendant Hawk Hauling, Inc.'s agent.

9

However, Defendants Hawk Hauling, Inc. and Pozdneacov maintain they did not receive notice of the lawsuit on April 11, 2020. Defendant Pozdneacov filed a sworn declaration which states that he never signed the certified mail receipt, the signature on the certified mail receipt is not his, and the first time he was advised of this lawsuit was after the Court entered the default judgment (ECF No. 27-4). Defendant Hawk Hauling, Inc.'s representative Julian Moldoveanu also filed a sworn declaration which states Defendant Hawk Hauling, Inc. only learned of this lawsuit when Plaintiffs' counsel emailed the default judgment damages award to it on June 30, 2022 (ECF No. 27-3). The moving Defendants also point out that Plaintiffs' June 30, 2022 email raises the question of why Plaintiffs' counsel did not send notice of the lawsuit, notice of Plaintiffs' application for the default judgment, or even notice of the damages hearing for the default judgment to Defendant Hawk Hauling's email address, which was apparently known to Plaintiffs' counsel. The moving Defendants' contentions as to their lack of actual notice until June 30, 2022 is consistent with their failure to appear and oppose the entry of the default judgment against them. However, as there is a factual dispute as to actual notice, the Court finds this factor is neutral to both parties.

As to the second factor, the running of the statute of limitations may be "a factor supporting the discretionary granting of an extension of time to make service under Rule 4(m)" because dismissal of the complaint under such circumstances would be, effectively, with prejudice. *Chiang*, 331 F. App'x at 116 (quoting *Boley*, 123 F.3d at 759 (3d Cir. 1997)). However, "the running of the statute of limitations does not require the district court to extend time for service of process." *Petrucelli*, 46 F.3d at 1306. The moving Defendants state that the statute of limitations expired over two years ago on April 4, 2020. Plaintiffs do not address the applicable statute of limitations, but appear to acknowledge the statute of limitations has run on their claims by citing

that "the expiration of the statute of limitations does not prohibit a district court from extending the time for service." *MCI Telecomms. Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1098 (3d Cir. 1995) (ECF No. 41 at ¶16).

Plaintiffs filed their Complaint on March 10, 2020, just short of two years after the April 4, 2018 motor vehicle accident. As Plaintiffs raise negligence claims against the moving Defendants, their claims appear to be governed by 42 Pa. Cons. Stat. § 5542, which provides for a two-year statute of limitations to file such personal injury claims. Because Plaintiffs' claims against the moving Defendants may likely be time-barred, the Court finds this factor weighs in favor of Plaintiffs' request to grant a discretionary extension for service. However, the Court also notes that a district court does not abuse its discretion by viewing the statute of limitations bar "in a light less favorable to plaintiff than might otherwise be the case" where, as here, the plaintiff filed the complaint at the end of the statute of limitations period. *See McCurdy v. Am. Bd. of Plastic Surgery*, 157 F.3d 191, 196 (3d Cir. 1998).

As to the third factor, there is no evidence of record showing Defendants Hawk Hauling, Inc. or Pozdneacov have attempted to avoid service in this matter. In *Gonzalez v. Thomas Built Buses, Inc.*, 268 F.R.D. 521 (M.D. Pa. 2010), defendants waited to file their Rule 12(b)(5) motion to dismiss until one day after the service period expired, which under the previous version of Rule 4(m) was 120 days. The *Gonzalez* court found that "[w]aiting until the 121st day to inform the plaintiffs that there was a defect in their service by filing a motion to dismiss and a motion to vacate the default judgment against them can easily be characterized as an attempt to conceal a defect in attempted service." *Id.* at 528 (M.D. Pa. 2010). Here, in contrast to the stratagems of the *Gonzalez* defendants, the moving Defendants filed their Rule 12(b)(5) motion to dismiss over 900 days after the expiration of the time for Plaintiffs to make service, did not oppose the entry of

11

default judgment against them for several months, and only appeared in the case after receiving the June 30, 2022 email. The record supports that the moving Defendants did not make any attempts to avoid or conceal service, and Plaintiffs have still not attempted formal service in this matter. Accordingly, this factor weighs against Plaintiffs' request to grant a discretionary stay.

Lastly, Plaintiffs have been represented by counsel through the entirety of this matter, and therefore, this factor also weighs against granting a discretionary extension of time for service. *See Valley Rod & Gun Club v. Chesapeake Appalachia, LLC*, 2013 U.S. Dist. LEXIS 113681, at *9 (M.D. Pa. Aug. 13, 2013) ("weighing against a discretionary extension is the fact that [p]laintiff is represented by counsel who presumably is well acquainted with the Pennsylvania and Federal Rules of Civil Procedure.") (citing *Gonzalez*, 268 F.R.D. at 529 (M.D. Pa. 2010)).

On balance, the relevant factors in this case weigh against granting a discretionary stay and in favor of dismissal. While the Third Circuit prefers "that cases be disposed of on the merits whenever practicable," *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984), it has also stated that "justice also requires that the merits of a particular dispute be placed before the court in a timely fashion so that the defendant is not forced to defend against stale claims." *McCurdy v. Am. Bd. of Plastic Surgery*, 157 F.3d 191, 197 (3d Cir. 1998). Service has been delayed for over two years in this case which involves an accident that occurred well over four years ago. The Court agrees with the moving Defendants that this is not a situation where Plaintiffs made multiple attempts at personal service but were unsuccessful or where Defendants evaded service. Plaintiffs chose to make service under Rule 4(d)'s waiver of service procedure and knew personal service was required if they did not receive waivers. They did not receive waivers, but they did not make any other attempt at service. Rather, Plaintiffs represented service had been effected on the moving Defendants (ECF No. 12 at p. 2) and moved for entry of default judgment. Only after the Court

awarded damages under the default judgment did Plaintiffs' counsel send an email on June 30, 2022 to Defendant Hawk Hauling, Inc. concerning the lawsuit. Based on the record before the Court, Plaintiffs have not shown good cause for extending the time for service and have failed to state a basis to justify the exercise of the Court's discretion to grant an extension of time for service.

### IV.   Conclusion

For the reasons stated above, the Court will GRANT the moving Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(5) (ECF No. 38). An appropriate Order will follow.

Date: February 9, 2023

Stephanie L. Haines
United States District Judge